UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, HAM, and JOHNSON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class WILLIAM D. GUTIERREZ
 United States Army, Appellant

 ARMY 20070558

 Headquarters, 19th Sustainment Command (Expeditionary)
 Gregory A. Gross, Military Judge
 Lieutenant Colonel Imogene Jamison, Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major Teresa L. Raymond, JA; Captain Richard P.
Pizur, JA (on brief); Lieutenant Colonel Mark Tellitocci, JA; Lieutenant
Matthew M. Miller, JA; Major Bradley M. Voorhees, JA; Captain Richard P.
Pizur, JA (on reply brief).

For Appellee: Lieutenant Colonel Mark H. Sydenham, JA; Major Christopher
B. Burgess; JA; Captain James M. Hudson, JA (on brief).

 26 February 2009

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------
Per Curiam:

 A panel composed of officer and enlisted members sitting as a general
court-martial convicted appellant, contrary to his pleas, of aggravated
assault, in violation of Article 128 of the Uniform Code of Military
Justice, 10 U.S.C. § 928 [hereinafter UCMJ]. The panel sentenced appellant
to confinement for twelve months, hard labor without confinement for three
months, forfeiture of $650.00 pay per month for twelve months, and
reduction to Private E1. The convening authority approved the adjudged
sentence. This case is before the court for review under Article 66, UCMJ.

 Appellant alleges, inter alia, four separate errors in the post-trial
processing of his case. Specifically, appellant claims: 1) dilatory post-
trial processing; 2) the Staff Judge Advocate’s (SJA) Recommendation (SJAR)
failed to accurately reflect the nature and duration of appellant’s
pretrial restraint; 3) the SJA failed to state whether corrective action
should be taken in light of appellant’s allegations of legal error; and 4)
the action and promulgating order fail to report the deferment of adjudged
and automatic forfeitures. We also note that the promulgating order failed
to reflect the merger of Specification 1 and Specification 2 of Charge II
and included language in the Specification of Charge III that the military
judge explicitly expected out of the specification.[1]

 Our superior court has often noted an accused’s best chance for
clemency rests with the convening authority. See United States v. Wheelus,
49 M.J. 283, 287 (C.A.A.F. 1998); United States v. MacCulloch, 40 M.J. 236,
239 (C.M.A. 1994). A myriad of errors in post-trial processing prevented
the convening authority from fully understanding the facts and
circumstances of this case prior to taking action. The incomplete and
erroneous SJAR undermined appellant’s rights at this important phase of the
military justice process.

 We remand this case for a new SJAR and action and specifically direct
the SJA to address any issues presented by appellant as required by the
R.C.M., including dilatory post-trial processing, pretrial restraint,
adjudged and automatic forfeitures, and allegations of legal error.
Furthermore, the promulgating order shall be corrected, where necessary.

 CONCLUSION

 The convening authority’s initial action, dated 24 January 2008, is
set aside. The record of trial is returned to The Judge Advocate General
for a new SJAR and a new initial action by the same or a different
convening authority in accordance with Article 60(c)-(e), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

-----------------------
[1] The military judge dismissed the language “kill her and” from the
specification.